IN THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF MARYLAND, NORTHERN DIVISION

EDWARD G. SHLIKAS,

    Plaintiff,

v.                      CIVIL NO.: WDQ-09-2806

SLM CORPORATION (SALLIE MAE),
et al.,

    Defendants.

## MEMORANDUM OPINION

Edward G. Shlikas, *pro se*, sued SLM Corporation ("SLM")[1] and the United States Department of Education ("DOE") for violating his due process rights. For the following reasons, SLM's motions to dismiss and quash service will be granted.

I.    Background

On August 13, 2007, Shlikas received a letter from "United Student Aid Funds, Inc., in care of Defendant SLM Corporation," which stated that DOE held "a claim against [Shlikas] for . . . defaulted student loan(s)." Compl. ¶ 1. The letter also stated that DOE intended to "collect [the claim] by offset" and advised Shlikas that "[a]ny in-person hearing w[ould] be held in Fisher, Indiana." *Id.* On April 10, 2008, Shlikas mailed the

---

[1] SLM is a Delaware corporation headquartered in Reston, Virginia. ECF No. 64-1 at 1.

Defendants a "Demand for In-Person Hearing and Trial in an Article III Court." *Id.* ¶ 3. On May 14, 2008, Shlikas received a letter from the United States Department of Treasury stating that his federal tax refund had been "forwarded . . . to [DOE] to be applied to [his] debt." *Id.,* Ex. 9.

On September 25, 2009, Shlikas filed a complaint in the District Court of Maryland for Baltimore County, alleging that SLM and DOE had violated his federal due process rights and Article 24 of the Maryland Constitution by "depriv[ing] [him] of his property" without "prior notice or opportunity to be heard." ECF No. 2.

On October 12, 2009, Shlikas attempted to serve SLM by having a deputy sheriff deliver the summons and complaint to SLM's attorney, Rand L. Gelber, Esquire. Gelber was not (1) the resident agent for SLM in Maryland, (2) an officer or director of SLM, or (3) otherwise authorized to receive service on SLM's behalf. Rand L. Gelber Aff. ¶ 3, Nov. 5, 2009.

On October 22, 2009, the case was removed to this Court, and on November 5, 2009, SLM moved to dismiss, or in the alternative to quash service. ECF Nos. 1, 8. On January 6, 2010, while SLM's motion was still pending, Shlikas attempted to serve SLM by mailing the summons and complaint to SLM's Reston office via certified mail. ECF No. 22. The mailing was addressed to "SLM Corporation (Sallie Mae), c/o Person

2

Authorized to Receive Service of Process." *Id*. A copy of the return receipt indicated that the mailing was received by "S. Williams." *Id*. On February 5, 2010, Shlikas again attempted to serve SLM by mailing a summons and complaint to the Reston office. Pl's Opp'n Mot. to Quash, Ex. 6. The mailing was received on February 11, 2010 by "M. Perez." *Id*.

On August 25, 2010, the Court granted SLM's motion to quash service because Shlikas had not shown that "SLM has been served in accordance with Rule 4 or Maryland law."[2] The Court denied SLM's request for dismissal because of its actual knowledge of the suit and Shlikas's *pro se* status. ECF No. 58 at 7. On November 3, 2010, the Court ordered Shlikas to "re-serve SLM in accordance with the applicable rules within 30 days." ECF No. 60.

On December 2, 2010, Shlikas called SLM's customer service number and spoke to "Debra 827." Edward Shlikas Aff. 4, Feb. 22, 2011. He asked "Debra 827" for the name of "the person authorized to receive service of process," but she would not provide it and told Shlikas "to send legal documents to P.O. Box 9500, Wilkes-Barre, PA 18773-9500." *Id*. That same day, Shlikas requested that the summons be reissued. ECF No. 61.

---

[2] S. Williams had not been identified, and Shlikas had not shown that this was a person authorized to receive service of process for SLM. ECF No. 58 at 7.

Shlikas then attempted to serve SLM by mailing the summons and complaint to "SLM Corporation (Sallie Mae) c/o Person Authorized to Receive Service of Process" at the Reston office and at "P.O. Box 9500, Wilkes-Barre, PA 18773-9500." Pl.'s Opp'n Mot. to Quash, Exs. 8, 9. The return receipts indicate that the Reston mailing was received by "Altoueclob" on December 6, 2010 and the Wilkes-Barre mailing was stamped "Sallie Mae" on December 9, 2010. *Id.* On January 12, 2011, SLM moved to quash service and dismiss the complaint. ECF Nos. 62, 64.

II. Analysis

A. Standard of Review

Under Fed. R. Civ. P. 12(b)(5), a defendant may move to dismiss for insufficient service of process. If service is contested, the "plaintiff bears the burden of establishing the validity . . . pursuant to Rule 4." *O'Meara v. Waters,* 464 F. Supp. 2d 474, 476 (D. Md. 2006).

Under Rule 4, a domestic corporation must be served (1) "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made" or (2) "by delivering a copy of the summons and of the complaint to an officer, managing or general agent, or any other agent authorized by appointment or law to receive service of process and—if the agent is authorized by statute and the statute . . .

requires—by also mailing a copy of each to the defendant[s]."

Fed. R. Civ. P. 4 (e), (h).

Maryland law provides:

> Service is made upon a corporation . . . by serving its resident agent, president, secretary, or treasurer. If the corporation . . . has no resident agent or if a good faith attempt to serve the resident agent, president, secretary, or treasurer has failed, service may be made by serving the manager, any director, vice president, assistant secretary, assistant treasurer, or other person expressly or impliedly authorized to receive service of process.

Md. Rule 3-124(d).

"Generally, when service of process gives the defendant actual notice of the pending action, the courts may construe Rule 4 liberally." *Id.* But the "plain requirements for the means of effecting service may not be ignored." *Id.* Although insufficient service of process does not necessarily warrant dismissal, the court may dismiss the complaint for failure to comply with Rule 4 or quash the service, thereby permitting the plaintiff to attempt to properly serve the defendant. *See Vorhees v. Fischer & Krecke*, 697 F.2d 574, 576 (4th Cir. 1983).

B. SLM's Motion

SLM has moved to dismiss the complaint under Rule 4(m) because Shlikas has "failed to properly serve [it] with the Complaint within 120 days after the Complaint was removed." Def.'s Mot. to Dismiss 3. SLM argues that dismissal should be with prejudice under Rule 41(b) because Shlikas has "fail[ed]

5

to prosecute his . . . case" or comply with this Court's order that he effectuate proper service. *Id.* 4. Shlikas argues that his complaint should not be dismissed because he has attempted service "in good faith." Pl.'s Opp'n Mot. to Dismiss 1.

1. Rule 4 (m)

Rule 4 (m) provides that "[i]f a defendant is not served within 120 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against the defendant or order that service be made within a specified time." Fed. R. Civ. P. 4 (m). But "if the plaintiff shows good cause for the failure, the court may extend the time for service for an appropriate period." *Id.*

Good cause exists when the plaintiff has made "reasonable and diligent efforts to effect service" within the 120-day period. *Quann v. Whitegate-Edgewater,* 112 F.R.D. 649, 661 (D. Md. 1986). Good cause is not shown if "the delay in service [is] attributable to attorney inadvertence and not to external factors that would reasonably stifle a plaintiff's due diligence." *T & S Rentals v. United States,* 164 F.R.D. 422, 425 (N.D. W. Va. 1996).

Shlikas's attempts at service, made after the August 25, 2010 opinion and November 3, 2010 order directing proper service within 30 days were not "reasonable and diligent efforts." The

6

August 25, 2010 opinion explained to Shlikas that he could not demonstrate proper service simply by mailing the summons and complaint to a "Person Authorized to Receive Service of Process." Shlikas used essentially the same method to attempt service again. Although a court may find "good cause" when the *pro se* plaintiff "was confused about the requirements of service," the requirements were explained to Shlikas. *Chhaparwal v. W. Va. Univ. Hosp., Inc.*, 2008 WL 2543429, at *1 (N.D. W. Va. June 23, 2008).[3]

The only effort Shlikas made to determine the individuals authorized to accept service was a single telephone call to SLM's customer service number. This single attempt to obtain the information needed for proper service does not demonstrate diligence. *See Vincent v. Reynolds Mem'l Hosp., Inc.*, 141 F.R.D. 436, 437 (N.D. W. Va. 1992) ("[h]alf-hearted attempts" at service do not show diligence). Further, Shlikas has not explained why he (1) waited until the day the Court's deadline expired to seek the necessary information, or (2) failed to seek this information from another source after "Debra 827" was

---

[3] SLM's motion to quash service will be granted because Shlikas—who bears the burden of showing that service was proper—has not shown that any mailings were received by an individual authorized to accept service of process. *See O'Meara*, 464 F. Supp. 2d at 476.

unable to provide him with it.[4] Because Shlikas has not shown good cause for his failure to effect proper service within the extended deadline, the Court "must dismiss the action." Fed. R. Civ. P. 4 (m).

2. Rule 41 (b)

SLM argues that the dismissal should be with prejudice under Rule 41 (b). Def.'s Mot. to Dismiss 3-5. Under Rule 41 (b), "a defendant may move to dismiss the action or any claim against it" when "the plaintiff fails to prosecute or to comply with . . . a court order." Fed. R. Civ. P. 41 (b). When dismissal is granted under Rule 41 (b), it is presumed to be with prejudice "[u]nless the dismissal order states otherwise." Id.

"A dismissal with prejudice [under Rule 41 (b)] is a harsh sanction which should not be invoked lightly in view of 'the sound public policy of deciding cases on their merits.'" Davis v. Williams, 588 F.2d 69, 70 (4th Cir. 1978)(citations omitted).

---

[4] Compare Brown v. American Insts. for Research, 487 F. Supp. 2d 613, 614-15 (D. Md. 2007) (dismissing complaint under Rule 12 (b)(5) when repeated attempts to serve by certified mail were invalid and the plaintiff "neither strained very hard nor looked very far" to "ascertain the correct name of the Defendant and the identity of its resident agent") with Elkins v. Broome, 213 F.R.D. 273, 276 (M.D.N.C. 2003)(plaintiff was diligent in attempting to serve defendant when he tried to obtain the defendant's home address from multiple sources and, when that was unsuccessful, made multiple attempts to serve the defendant at his workplace).

In deciding whether Rule 41 (b) dismissal is an appropriate sanction, courts consider: "(1) the degree of personal responsibility of the plaintiff, (2) the amount of prejudice caused to the defendant, (3) the existence of a drawn out history of deliberately proceeding in a dilatory fashion, and (4) the existence of sanctions less drastic dismissal." *Herbert v. Saffell*, 877 F.2d 267, 270 (4th Cir. 1989) (internal quotation marks and citation omitted).

"Absent some other failure to comply with rules or court orders, the failure to serve a defendant within the time provided justifies only a dismissal without prejudice." *Stratagene v. Invitrogen Corp.*, 206 F.R.D. 121, 122 (D. Md. 2002)(citing *O'Rourke Bros. Inc. v. Nesbitt Burns, Inc.*, 201 F.3d 948, 952-53 (7th Cir. 2000)). The question is "when does a failure to serve transform itself from a simple failure to obtain service to a failure to prosecute the action[?]" *Id.* (alteration in original)(citation omitted).

Because Shlikas is proceeding *pro se*, he is responsible for failing to serve SLM. *Moore v. Rivera*, 2009 WL 4808799, at *4 (D.S.C. Dec. 9, 2009). SLM has expended time and money defending the action, but it has not argued that it will be further prejudiced if the Rule 41 (b) sanction is denied. And, although Shlikas has been "dilatory" in serving SLM, there is no

evidence that his actions were a deliberate attempt to stall the litigation. See *Saffell*, 877 F.2d at 270.

Neither the August 25, 2010 opinion nor the November 3, 2010 order warned Shlikas that his case would be dismissed with prejudice if he failed to properly serve SLM. And, this is the first order he has failed to obey in this case. Had Shlikas been warned that his case was subject to dismissal with prejudice, or repeatedly violated Court orders, dismissal under Rule 41 (b) would be appropriate.[5] At this time, that sanction is unwarranted. Should Shlikas again fail to properly serve SLM, his claims against it will be dismissed with prejudice.

III. Conclusion

For the reasons stated above, SLM's motions to quash service and dismiss the complaint will be granted. The complaint against SLM will be dismissed without prejudice.

_May 24, 2011_
Date

_____
William D. Quarles, Jr.
United States District Judge

---

[5] See *Ballard v. Carlson*, 882 F.2d 93, 95 (4th Cir. 1989) ("Magistrate's explicit warning that a recommendation of dismissal [with prejudice] would result from failure to obey his order [was] critical" to finding that the Rule 41 (b) dismissal of the *pro se* complaint was not an abuse of discretion); *Moore*, 2009 WL 4808799 at *4 (Rule 41 (b) dismissal was appropriate when the plaintiff "ha[d] continually ignored the court's orders, deadlines, and warnings.").